OPINION OF THE COURT
Daniel F. McMahon, J.
During the jury selection in this case, defense counsel raised for the first time the issue of the Statute of Limitations. The matter was held in abeyance and jury selection proceeded. During the ensuing luncheon recess, oral arguments were entertained on the record in the robing room. Defense counsel then proceeded to orally argue his contentions for dismissal predicated upon expiration of the Statute of Limitations. The Assistant District Attorney waived the timeliness of defendant’s application and any requirement that it be made on written papers stating that he desired the court to determine the application on the merits.
Defendant, a Peekskill police sergeant, was indicted by the *463 Grand Jury of Westchester County in 1977 and charged with two counts of perjury in the first degree relating to two appearances by the defendant before that body on June 17, 1971 and September 10, 1971, respectively, at which time the defendant gave sworn testimony concerning a shooting incident which had allegedly taken place at police headquarters in the City of Peekskill at approximately 9:25 p.m. on May 27, 1971.
Defendant contends that, as the indictment was not handed down until subsequent to the expiration of five years from the alleged acts of perjury, therefore his prosecution for those crimes is barred under CPL 30.10 (subd 2, par [b]) and, further, that the People have failed to show, beyond a reasonable doubt, the applicability of an exception contained in CPL 30.10 (subd 3, par [b]). The prosecution asserts that the exception is applicable.
CPL 30.10 (subd 3, par [b]) reads in pertinent part as follows: "A prosecution for any offense involving misconduct in public office by a public servant may be commenced at any time during the defendant’s service in such office or within five years after the termination of such service”.
Here defendant remained on the Peekskill police force until his discharge or resignation in the spring of 1977. His testimony before the Grand Jury on both June 17, 1971 and September 10, 1971 related to an incident involving the firing of four carbine shots toward the front of Peekskill police headquarters wherein three of the shots struck and broke glass on the front door and one hit concrete on the side of the door. In essence, the defendant testified under oath that he was on duty in uniform inside police headquarters that evening; that he exited the front door in an official response to a fire alarm; that as he was proceeding towards his police vehicle, which was parked near the front entrance to the building, the four shots went over his head striking the building. As a result of his testimony on June 17, 1971 (and the testimony of other persons) an indictment was handed down charging three defendants, viz., John Sullivan, William Alexander and Thomas Dabbs with the crimes of attempted murder, reckless endangerment in the first degree and conspiracy in the first degree. As a result of further testimony by defendant and others on September 10, 1971, and by others on August 31, 1971, superseding indictments were handed down by the Grand Jury; one charging the defendant Sullivan alone *464 with the crime of attempted murder of "Ptl. Robert Vogler, a Peace Officer then and there in the performance of his Official Duties”, reckless endangerment in the first degree, conspiracy in the third degree and possession of a weapon as a felony; the second indictment charged defendants Alexander and Dabbs with the crimes of reckless endangerment in the first degree, conspiracy in the third degree and possession of a weapon as a misdemeanor. Defendant Sullivan subsequently pleaded guilty to the crime of attempted murder; defendants Alexander and Dabbs pleaded guilty to reduced charges.
The court must conclude, under all of these circumstances, that the alleged perjury would be a "prosecution for [an] offense involving misconduct in public office by a public servant”; hence, would fall under the exception to the limitation period. Defendant was on duty, in uniform, and responding to police business at the time this incident took place; he was thereafter under a duty as a police officer to render reports concerning the shooting and to appear and testify under oath before a Grand Jury and any other bodies concerned with the criminal justice system.
Accordingly, the court finds that the People have met their burden of proof, beyond a reasonable doubt, as to this issue and denies defendant’s motion for dismissal of the indictment predicated upon the expiration of the Statute of Limitations.